UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN NELSON,                )<br>                                                   )<br>       *Plaintiff*                       )<br>                                                   )<br>v.                                               )<br>                                                   )<br>JO ANNE B. BARNHART,      )<br>**Commissioner of Social Security,**  )<br>                                                   )<br>       *Defendant*                     ) | *Docket No. 04-200-B-W* |

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal raises several issues: whether the administrative law judge properly evaluated medical evidence, whether the hypothetical question posed to the vocational expert by the administrative law judge was consistent with the limitations which the administrative law judge found to stem from the plaintiff's impairments and whether the job which the vocational expert testified was available for the plaintiff was appropriate for a person with his limitations. I recommend that the court vacate the decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1s Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from attention deficit hyperactivity disorder ("ADHD") and bipolar disorder, impairments that were severe but did not meet or equal the criteria

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 2, 2005, (*continued on next page*)

of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 2-3, Record at 22; that his assertions concerning his impairments and their impact on his ability to work were not entirely credible, Finding 4, *id*.; that he has no exertional limitations and retains the residual functional capacity to perform low stress work, defined as requiring only occasional decision-making and use of judgment and involving only occasional changes in the work setting, to understand, remember and carry out simple job tasks and to occasionally interact with coworkers, supervisors and the general public, Finding 5, *id*. at 23; that, given his age (19, a "younger individual"), education (eleventh grade), lack of past relevant work experience, lack of transferable skills and residual functional capacity, use of section 204.00 of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making and considering the testimony of the vocational expert led to the conclusion that the plaintiff is capable of making a successful vocational adjustment to work which exists in significant numbers in the national economy, Findings 6-11, *id*.; and that therefore the plaintiff had not been disabled as that term is defined in the Social Security Act at any time through the date of the decision, Finding 12, *id*. The Appeals Council declined to review the decision, *id*. at 7-9, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richardson v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to
(*continued on next page*)

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first contends that the administrative law judge wrongly rejected the opinion of Paul G. Ronco, M.D., about his limitations.  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2.  He bases this argument on his characterization of Dr. Ronco as "the treating physician."  *Id*.  If Dr. Ronco were one of the plaintiff's treating physicians, his opinion might "get[] special precedence over other medical evidence," as the plaintiff asserts, *id*., if the analysis required by 20 C.F.R. § 416.927(d)[2] supported a decision to "give more weight to [the] opinion[] from your treating source," 20 C.F.R. § 416.927(d)(2).  In this case, however, Dr. Ronco saw the plaintiff only on September 12, 2003 and May 21, 2004.  Record at 439.  The second meeting was at Dr. Ronco's request, "to help me with the questions that are in the letter [the plaintiff's attorney in this matter] sent me."  *Id*.  On the second visit, the plaintiff told Dr. Ronco that "this will be the last visit in [y]our office."  *Id*. at 440.  The applicable regulation states, in relevant part:

> (2) *Treatment relationship.* Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . .

---

relevant statutes, regulations, case authority and page references to the administrative record.
[2] The itemized statement cites throughout to regulations in Part 404 of 20 C.F.R.  Those regulations apply to claims for SSD.  I refer to the regulations applicable to SSI claims.

3

>(i) *Length of the treatment relationship and the frequency of examination.* Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
>
>(ii) *Nature and extent of the treatment relationship.* Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories. . . .

20 C.F.R. § 416.927(d)(2). If Dr. Ronco, who stated in the letter setting out his opinions that he did not know the plaintiff very well, Record at 439, may be accurately characterized as a treating physician at all,[3] the regulation entitles his opinions to no more weight than an opinion from a nontreating source. Therefore, the administrative law judge's choice to rely on the opinion of a state-agency physician reviewer who did not examine the plaintiff, *id*. at 21, rather than Dr. Ronco's opinion, to the extent that those opinions differ, was not error. Under these circumstances, the administrative law judge's discussion of his reasons for rejecting Dr. Ronco's opinion, Record at 19, is sufficient.

The plaintiff next contends that the administrative law judge failed to comply with 20 C.F.R. § 416.920a(e)(2) in evaluating his mental impairments. Itemized Statement at 2-3. That regulation outlines the evaluation of mental impairments and requires the administrative law judge or the Appeals Council to incorporate in a written decision "the pertinent findings and conclusions based on the technique," 20 C.F.R. § 416.920a(e)(2), set forth in 20 C.F.R. § 416.920a(b).

>The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in

---

[3] The plaintiff testified that Anne Hinlan was his "personal care physician" and had been since he was five years old. Record at 49. There are no records from this physician in the administrative record.

4

>reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 416.920(a)(e)(2). Contrary to the plaintiff's assertion that the administrative law judge "discusses the claimant's psychological impairments, but not in the correct format," Itemized Statement at 2-3, the administrative law judge specifically addressed the functional areas described in 20 C.F.R. § 416.920a(c)(3), Record at 19 (last full paragraph).

The administrative law judge stated that he gave "controlling weight" to the opinions of the state-agency reviewing physicians. *Id*. at 21. The plaintiff asserts that the administrative law judge's hypothetical question to the vocational expert "was worded somewhat differently" from the opinions set forth in the state-agency evaluations. Itemized Statement at 3-4. He contends that the question did not include mental limitations which the administrative law judge determined in his opinion to be present, rendering the question and the response of the vocational expert fatally flawed. *Id*. at 4. Specifically, he asserts that the hypothetical question "did not include any prohibition on detailed instructions, or any limitations on interaction with the general public, or any limitations regarding attention and concentration." *Id*. The administrative law judge's opinion does find that the plaintiff "is able to occasionally interact with coworkers, supervisors, and the general public," Record at 23. The administrative law judge also found that the plaintiff was "able to maintain sufficient attention and concentration to understand, remember, and carry out simple job tasks for a normal workday or week." *Id*. at 21. The administrative law judge posed the following hypothetical question to the vocational expert:

>Would you assume the following hypothetical please? A younger individual with a limited education, no transferable skills, no exertional restrictions, limited to SVP 2 or less, low stress work defined as occasional decision-making, further defined as occasional changes in the work setting, with occasional — can tolerate occasional judgment, can tolerate occasional

> interaction with co-workers and supervisors. Based on that hypothetical would there be any work, and if so in what numbers?

*Id*. at 55. I conclude that the hypothetical question adequately presents the administrative law judge's findings with respect to attention and concentration and detailed instructions. It does not include the limitation on interaction with the general public. However, since the only job identified by the administrative law judge, that of folder (Dictionary of Occupational Titles number 369.687-018),[4] *id.* at 22, by its nature does not involve more than occasional interaction with the general public, this error was harmless.

The plaintiff has more success with his next challenge. He points out, Itemized Statement at 5, that the folder job carries a General Educational Development ("GED") reasoning level of 2. DOT § 369.687-018. The administrative law judge found that the plaintiff could perform work that required only occasional decision-making and use of judgment and that he could understand, remember and carry out simple job tasks. Record at 23. The individual who holds a job at the reasoning level of 2 must be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT § 369.687-018. The administrative law judge's findings are consistent with the second sentence of this definition, but not with the first. An individual limited to the performance of jobs entailing only simple instructions — which reasonably must be deemed the equivalent of "understanding . . . simple job tasks" — would be incapable of performing jobs which have a GED reasoning level of 2. *Flagg v. Barnhart*, 2004 WL 2677208 (D. Me. Nov. 24, 2004) at *5; *Trebilcock*

---

[4] The job is described as follows: "Folds fluff-dried or pressed laundry, such as shirts, towels, uniforms, and jackets: Shakes our, smooths, folds, sorts, and stacks wash according to identification tags. Inspects pressed laundry for holes or tears, and separates defective articles for transfer to repair department. Folds laundry, preparatory to wrapping, for delivery to customer. Folds pressed shirts around cardboard forms and inserts assembly in plastic bags. May attach missing buttons to articles . . . . May unload tumbler. May turn socks, match pairs, and tie socks into bundles." *Dictionary of Occupational Titles* ("DOT") (U. S. Dep't of Labor, 4th ed. rev. 1991) § 369.687-018.

*v. Barnhart*, 2004 WL 2378856 (D. Me. Oct.25, 2004) at *3. The administrative law judge identified only this job as being available to the plaintiff; remand is therefore required.[5]

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 7th day of June, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

[5] To assist the parties on remand, I will briefly address the plaintiff's remaining arguments. At no point in the decision did the administrative law judge "make medical determinations without the assistance of a medical advisor or medical evidence of record which is clearly translated into lay terms." Itemized Statement at 5. The administrative law judge did not seek "to justify his position by reliance upon Rule 204.00" of the Grid, *id.* at 6; he clearly used the Grid only as a framework, as demonstrated by his identification of a particular job which he found to be within the plaintiff's limitations.